IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2202-FL

| | | |
|---|---|---|
| DOUGLAS GENE WHITFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY DAIL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Larry Dail ("respondent"), to which petitioner responded. The issues raised have been fully briefed, and the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On December 8, 2011, in the Nash County Superior Court, petitioner pleaded guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to conspiracy to commit insurance fraud, possession with intent to sell or deliver a Schedule II controlled substance, possession with intent to sell or deliver marijuana, two counts of accessory after the fact to second-degree kidnaping, and two counts of conspiracy to commit common law robbery. Resp't's Exs. 1-3. Petitioner thereafter was sentenced to a term of fifteen (15) to eighteen (18) months imprisonment, a term of six to eight months imprisonment, and a term of eight to ten (10) months imprisonment. Id. Petitioner did not file a direct appeal.

On May 31, 2012, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Nash County Superior Court. Id. Ex. 4. Petitioner filed a second MAR in the same court on June 7, 2012. Id. Ex. 5. The superior court denied petitioner's June 7, 2012, MAR on July 10, 2012. Id. Ex. 6.

On August 23, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the following: (1) he was charged with two counts, but plead guilty to four counts; (2) he was forced to plead guilty to pills that were prescribed to him; (3) he had no knowledge of the kidnaping or robbery for which he was convicted; and (4) he was not involved with the insurance fraud for which he was convicted. Petitioner also challenges the validity of a prior 1997 Marin County Superior Court conviction that was used in this case to enhance his criminal history. Petitioner, however, acknowledges that he did not previously present this claim to any state or federal court. Compl. ¶ 13(b).

Respondent subsequently filed a motion for summary judgment, arguing that petitioner is not entitled to relief. The issues were fully briefed.

**DISCUSSION**

A.   Summary Judgment

  1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

3

> [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

        a.    Exhaustion of State Court Remedies

Petitioner challenges a 1997 Martin County Superior Court criminal conviction which was included in his criminal history score. Petitioner admits in his petition that he failed to present this claim to any state court. Pet. ¶ 13(b). Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court 'both the operative facts and the controlling legal principles' associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Because petitioner has not presented this claim to the North Carolina State court, the court DISMISSES this claim without prejudice for failure to exhaust state court remedies.

As for petitioner's remaining claims, he presented them to the MAR court, but failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate to proceed with plaintiff's remaining claims on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on

4

the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."

    b.  The Merits of Petitioner's Remaining Claims

Respondent argues that petitioner's remaining claims are foreclosed by his knowing and valid guilty plea. A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Meyer v. Branker, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.'") (citing Boykin v. Alabama, 395 U.S. 238, 242, 243 n. 4 (1969));[1] United States v. Nunez-Sanchez, 453 F. App'x 319, 321 (4th Cir. Nov. 10, 2011) ("Defects in the indictment are not jurisdictional.") Following final judgment, collateral attack is limited to whether the plea was counseled and voluntary. See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Here, petitioner swore under oath that he understood he was pleading guilty to conspiracy to commit insurance fraud, possession with intent to sell or deliver a Schedule II controlled substance, possession with intent to deliver marijuana, two counts of accessory after the fact to second-degree kidnaping, and two counts of conspiracy to commit common law robbery. Resp't's

---

[1] The Supreme Court's ruling in Tollett applies to actions in which a defendant has entered an Alford plea. See Smith v. Beck, No. 1:06CV489, 2007WL2746872, *8 (M.D.N.C. Sept. 19, 2007), appeal dismissed, 268 F. App'x 260 (4th Cir. 2008).

5

Mem. Ex. 1. Petitioner further testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. See id. Petitioner's counsel also certified that he explained to petitioner the nature and elements of the charges to which petitioner pleaded guilty. Id. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. Id. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Id. Finally, petitioner testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. Id.

After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. Id. Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Petitioner's own conclusory statements contained in his *pro se* federal habeas petition, and any attached documents, are insufficient to breach the formidable barrier of Blackledge. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing . . .[,] a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Based upon petitioner's plea transcript, the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Accordingly, plaintiff's claims are foreclosed by his knowing and voluntary guilty plea.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

7

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 10) is GRANTED. Petitioner's claim regarding his 1997 Marin County Superior Court criminal conviction is DISMISSED without prejudice for failure to exhaust state court remedies. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 13th day of August, 2013.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge

8